IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LEROY BISHOP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-446C |
| | ) | (Senior Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS
REGARDING PLAINTIFF CRAIG CHALMERS

1. Craig Chalmers's claims involve positions as: (1) Associate Warden at the Federal Correctional Institution ("FCI") Otisville, NY; (2) Associate Warden at the Federal Detention Center ("FDC") Philadelphia, PA; and (3) Captain at the Metropolitan Detention Center ("MDC") Los Angeles, CA. Def. App. 2-3, 11-12, 15, 26 (Dep. 5, 8, 57-58, 73, 135); Def. App. 36-39.[1]

2. Mr. Chalmers was either a GS-13 or a GS-14 employee during the period February 25, 1997 until his retirement, effective May 30, 2003. Def. App. 36-39.[2]

FCI Otisville, NY

4. Federal Correctional Institution ("FCI") Otisville, NY, is an all-male, medium security facility that houses approximately 1,100-1,200 inmates. Bishop v. United States, 2006 WL 3511979 (Dec. 4, 2006)

---

[1] "Def. App." refers to the Defendant's Appendix. "Pl. App." refers to Plaintiff's Appendix.

[2] The original complaint in Banks v. United States, Fed. Cl. No. 03-446, was filed on February 25, 2003. A second amended complaint in this case was filed on July 29, 2004.

3. Mr. Chalmers was an Associate Warden at FCI Otisville from about January 14, 2001 until May 30, 2003, his retirement date. Def. App. 2, 15, 26 (Dep. 5, 73, 135); Def. App. 38-39. His last day of work was May 3, 2003. Def. App. 18, 26 (Dep. 84, 135).

5. At FCI Otisville, Mr. Chalmers was supervised by Warden Fredrick Menifee. Def. App. 15 (Dep. 73).

6. At FCI Otisville, Mr. Chalmers's scheduled shift hours were 7:30 a.m. to 4:00 p.m., Monday through Friday, except for holidays and periods of leave. Pl. App. 3, 106; Def. App. 16 (Dep. 74); Def. App. 182 (Wilner).

7. At FCI Otisville, the combined Lieutenants'/Department Head meetings were scheduled to be held approximately once a month, at 7:30 a.m. Pl. App. 62-91 (Warden Menifee's Weekly Calendars); Def. App. 43-50, 59-61; Def. App. 183 (Wilner).

8. At FCI Otisville, the Department Head meetings were scheduled for 8:00 a.m. Pl. App. 62-91 (Warden Menifee's Weekly Calendars); Def. App. 43-50, 59-61; Def. App. 183 (Wilner).

9. At FCI Otisville, the Department Head meetings and the combined Lieutenants'/Department Head meetings were scheduled for times during Mr. Chalmers's 7:30 a.m. to 4:00 p.m. shift. Pl. App. 62-91 (Warden Menifee's Weekly Calendars); Def. App. 43-50, 59-61; Def. App. 183 (Wilner).

10. Mr. Chalmers is not requesting overtime compensation for his attendance at the Department Head meetings or the combined Lieutenants'/Department Head meetings at FCI Otisville. Def. App. 16 (Dep. 74).

11. As an Associate Warden at FCI-Otisville, Mr. Chalmers attended the executive close-out meetings. Pl. App. 106; Def. App. 16 (Dep. 74); Def. App. 184-85 (Wilner).

12. At FCI Otisville, Warden Menifee's close-out meetings usually began at 3:00 p.m. on Tuesdays through Fridays. Pl. App. 62-91 (Warden Menifee's Weekly Calendars); Def. App. 108 (Menifee Dep. 27); Def. App. 172 (LaForest Dep. 103); Def. App. 175 (Pl. Dep. Ex. 28); Def. App. 184-85 (Wilner).

13. At FCI Otisville, Warden Menifee's close-outs sometimes ran beyond 4:00 p.m. Def. App. 104, 106-07 (Menifee Dep. 12, 20-21); Def. App. 184-85 (Wilner).

14. Warden Menifee's secretary (Janine Banks and previously Mary Grabowski) prepared a weekly calendar for Warden Menifee and this was made available to the Associate Wardens. Pl. App. 62-91 (Warden Menifee's Weekly Calendars); Def. App. 184-85 (Wilner). The Warden's weekly calendars that were prepared by his secretary indicated that close-outs generally were scheduled from 3:00 to 4:00 p.m., Tuesday through Friday. Pl. Br. 18; Pl. App. 62-91 (Warden Menifee's Weekly Calendars); Def. App. 184-85 (Wilner).

15. Mr. Chalmers he did not receive any instructions from Warden Menifee to arrive at the institution before his shift started. Def. App. 17 (Dep. 79).

16. Mr. Chalmers did not receive any instructions from Warden Menifee to arrive at the institution approximately one half hour before the start of his 7:30 a.m. shift. Def. App. 17 (Dep. 79).

17. Warden Menifee did not tell Mr. Chalmers how late he had to stay at the institution. Def. App. 17 (Dep. 80).

18. Mr. Chalmers was not ordered in writing to work the overtime that he claims as AW at FCI Otisville.

19. At FCI Otisville, Mr. Chalmers received compensatory time for at least some of the overtime that he worked. Def. App. 40-42.

FDC Philadephia, PA

20. Federal Detention Center ("FDC") Philadelphia, PA, is a high-rise detention center for pre-trial inmates. Def. App. 12 (Dep. 58); Def. App. 82.

21. As an Associate Warden at FDC Philadelphia from about May 9, 1999 to January 13, 2001, Mr. Chalmers was responsible for the Programs area, which included Corrections, Unit Management, Case Management Coordinator ("CMC"), and other areas. Def. App. 11-12 (Dep. 57-58).

22. As Associate Warden at FDC Philadelphia, Mr. Chalmers was supervised by Warden John Vanyur, and subsequently, by Warden Joseph Smith. Def. App. 11-12 (Dep. 57-58).

23. At FDC Philadelphia, Mr. Chalmers's scheduled hours were 7:30 a.m. to 4:00 p.m., Monday through Friday. Def. App. 13 (Dep. 62).

24. Mr. Chalmers claims "about 10 minutes or so" for preshift activities at FDC Philadelphia. Def. App. 14 (Dep. 66).

25. As Associate Warden at FDC Philadelphia, Mr. Chalmers had 24-hour keys and typically did not have to pick up any keys or equipment at the Control Center. Def. App. 12 (Dep. 59).

26. At FDC Philadelphia, Mr. Chalmers walked through the front entrance where there was a front desk officer, went through a door into the secondary lobby and to the Control Center,

and then went through the sallyport. Def. App. 12 (Dep. 59-60). Then, he walked to the elevator bank and took the elevators up to the floor where the Lieutenants' office was located. Def. App. 12 (Dep. 60). Then, he walked to the Lieutenants' office and read the Lieutenants' logs and other documents and was briefed by the Captain. Id. After that, he walked to his own office. Id.

27. At FDC Philadelphia, the Warden held a close-out meeting at about 3:30 p.m., which typically ended at 4:00 p.m. Def. App. 13 (Dep. 65). Mr. Chalmers typically left the institution after the close-out meeting. Def. App. 13 (Dep. 65).

28. Mr. Chalmers does not claim post-shift overtime at FDC Philadelphia. Def. App. 14 (Dep. 66).

29. Mr. Chalmers was not ordered in writing to work the overtime that he claims as AW at FDC Philadelphia. Def. App. 15 (Dep. 71).

MDC Los Angeles, CA

30. Metropolitan Detention Center ("MDC") Los Angeles, CA, is a high-rise detention center for pre-trial inmates. Def. App. 3 (Dep. 8); Def. App. 86.

31. As Captain at MDC Los Angeles from about October 1, 1995 to May 8, 1999, Mr. Chalmers supervised approximately 14 lieutenants and roughly 150 correctional officers. Def. App. 3 (Dep. 8); Def. App. 36-37.

32. As Captain at MDC Los Angeles, Mr. Chalmers reported to Associate Warden Darryl Johnson and Warden Wayne Seifert. Def. App. (Dep. ).

33. As Captain, Mr. Chalmers's scheduled hours were 6:00 a.m. to 2:30 p.m., Monday through Friday. Def. App. 4 (Dep. 11).

34. At MDC Los Angeles, Mr. Chalmers's office was located in the Captain's complex, which also included the Lieutenants' office. Def. App. 4 (Dep. 12).

35. At MDC Los Angeles, Mr. Chalmers had 24-hour keys and, on arrival, stopped at the Control Center to pick up a radio. Def. App. 3 (Dep. 9).

36. At MDC Los Angeles, Mr. Chalmers came into the lobby, walked past a desk where the lobby officer was located, and walked over to the sallyport where the Control Center was located and picked-up his radio. Def. App. 3-4 (Dep. 9-10). He then took the elevator up to the floor where the Captain's complex was located. Def. App. 4 (Dep. 11-12). There, he turned on his computer, looked at the Lieutenants' logs and other documents, was briefed by the Morning Watch Lieutenant, and waited for the Associate Wardens to come in and start asking him questions. Def. App. 4 (Dep. 13).

37. On his way out of the institution, Mr. Chalmers usually walked from the Captain's office to the Control Center and turned in his radio, and then walked out of the institution. Def. App. 6 (Dep. 18-19).

38. As Captain at MDC Los Angeles, Mr. Chalmers received compensatory time for at least some of the overtime that he worked. Def. App. 19 (Dep. 91-92).

39. At MDC Los Angeles, Associate Warden Darryl Johnson and Warden Seifert did not tell Mr. Chalmers to be at the institution by approximately 5:30 a.m. for his 6:00 a.m. shift. Def. App.9 (Dep. 32).

40. At MDC Los Angeles, the Warden and Associate Warden both did not give Mr. Chalmers written instructions to come in early before his 6:00 a.m. shift. Def. App. 10 (Dep. 34).

41. At MDC Los Angeles, the Warden and Associate Warden did not give Mr. Chalmers written instructions that he was not to leave the institution before any set time. Id.

42. At MDC Los Angeles, the Warden and Associate Warden did not give Mr. Chalmers written instructions to remain at the institution past 2:30 p.m., the end of his shift. Id.

43. Mr. Chalmers was not ordered in writing to work the overtime that he claims he worked as Captain at MDC Los Angeles.

Government Travel

44. In about March 2000, while Mr. Chalmers was an Associate Warden at FDC Philadelphia, he allegedly worked overtime while traveling to and from London, England, to transfer a prisoner. Def. App. 14 (Dep. 66-68); Def. App. 31-32.

45. According to Mr. Chalmers, the Warden told him that the Bureau of Prisons wanted him to go on this trip, but did not give him any written instructions. Def. App. 15 (Dep. 72).

46. At that time, Mr. Chalmers did not request compensation for his overtime on this trip. Def. App. 25 (Dep. 119).

47. In about April 1997, while Mr. Chalmers was Captain at MDC Los Angeles, he allegedly worked overtime while traveling to and from Bangkok, Thailand, to repatriate prisoners. Def. App. 14-15 (Dep. 69-70); Def. App. 34-35.

48. At that time, Mr. Chalmers did not request compensation for his overtime on this trip. Def. App. 25 (Dep. 119).

49. Mr. Chalmers was not ordered in writing to work overtime with regard to these two trips. Def. App. 15 (Dep. 72).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Domenique Kirchner
DOMENIQUE KIRCHNER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
Tele: (202) 307-0290
Attorneys for Defendant

Of Counsel:
ERIKA TURNER
Assistant General Counsel
Bureau of Prisons
December 21, 2006